NOVEMBER TERM, 1873. 361

Delaware, Lackawanna and Western R. R. Co. v. Ditton.

THE DELAWARE, LACKAWANNA AND WESTERN RAIL-
ROAD COMPANY v. CHARLES DITTON.

The act of April 15th, 1846, entitled "An act for the relief of creditors
against corporations," (*Nix. Dig.* 172,) and the supplement thereto of
March 22d, 1865, (*Nix. Dig.* 173,) refer only to the mode of serving
process in the higher courts, and not when issued by a justice of the
peace.

On *certiorari.*

Argued at June Term, 1873, before Justices BEDLE, WOOD-
HULL and SCUDDER.

For the plaintiffs in *certiorari, J. Vanatta.*

For the defendant, *B. C. Frost.*

The opinion of the court was delivered by
BEDLE, J. The proceedings brought here by the writ are
by *scire facias* before a justice of the peace, in favor of Ditton,
against the railroad company. They are based upon an at-
tachment issued by the justice against one Edward Richart,
and money, or a debt, in the hands of the company, was
undertaken to be attached. The *scire facias* was served ac-
cording to the following return of the constable: "Served
the within summons on the Delaware, Lackawanna and
Western Railroad Company, by serving the same on George
E. Meeker, the said company's agent at Phillipsburg, by in-
forming him of the contents' thereof, and giving him the
justice's copy." The claim for which the attachment was
issued is less than $100, and the amount attached was $40.
The plaintiff need not bring his suit by attachment before a
justice of the peace, in order to recover costs. *Hanness* v.
*Smith,* 1 *Zab.* 496. If he does, and it becomes necessary to
proceed against the garnishee by attachment, he can only do
it when the writ of *scire facias* can be served in the same
manner as provided in the justices' court act for the service

of a summons. The writ of *scire facias*, referred to in section fifty-one of the attachment act, must necessarily be regarded, as it often is under the common law practice, in the nature of a summons, and as the commencement of an action. *Winter* v. *Kretchman*, 2 *T. R.* 45; *Fenner* v. *Evans*, 1 *T. R.* 267. There is no provision in the justices' court act for the service of a summons upon a corporation, but in section seventy-six. *Nix. Dig.* 470.* If this company can be considered as a corporation within that section, of which no opinion is intended, the summons could only be served upon the president, cashier or clerk of the corporation, if found, and if not found, on any of the directors or managers of the said corporation. The service was evidently not made under that section, but under the supplement of March 22d, 1865, (*Nix. Dig.* 173,)† to an act for the relief of creditors against corporations, approved April 15th, 1846, (*Nix. Dig.* 172,) treating the company as a foreign corporation. Both the act of 1846 and the supplement of 1865 refer to the mode of serving process in the higher courts, and not when issued by justices of the peace. This is clear from the scope and nature of the provisions of those acts. The service was upon Meeker, an agent; whether a director or conductor, or what kind of an agent, it does not appear. The service could only be under section seventy-six of the small cause act. And if it could not be made, under that act, the proceedings before the justice, both in the attachment and the writ of *scire facias*, must be ineffective to reach the garnishee. The other question raised need not be considered. The writ of *scire facias*, and the subsequent proceedings brought up by this *certiorari*, must be set aside.

*Rev., p. 539, § 7.   †Rev., p. 193, § 88.

Cited in *Mayor, &c., of Jersey City* v. *Hutton*, 9 *Vr.* 88; *Townsend* v. *School Trustees*, 12 *Vr.* 312.